EDGAR L. DEMERS *vs.* SCHOOL COMMITTEE OF WORCESTER.

Worcester.    September 22, 1952. — October 31, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*School and School Committee.*

The reference in G. L. (Ter. Ed.) c. 71, § 42A, inserted by St. 1945, c. 330, to service for over three years is to lawful service rendered under the authority of the school committee.   [372]

A director of industrial arts in a public school system, who by election of the school committee served for three school years but was not re-elected by the committee to serve thereafter, although he actually did serve for a few days of the fourth school year by direction of the superintendent of schools, did not serve "for over three years" within G. L. (Ter. Ed.) c. 71, § 42A, inserted by St. 1945, c. 330.   [372–373]

BILL IN EQUITY, filed in the Superior Court on October 2, 1950.

The suit was heard by *Sullivan,* J.

*Philip J. Murphy,* for the plaintiff.

*Archibald M. Hillman,* City Solicitor, (*Richard W. Mirick,* Assistant City Solicitor, with him,) for the defendant.

QUA, C.J. The plaintiff, describing himself as "Director of Industrial Arts in the public school system of the City of Worcester," seeks a declaratory decree to the effect that he can be demoted from his position only after notice, charges, and a hearing in the manner set forth in G. L. (Ter. Ed.) c. 71, § 42A, inserted by St. 1945, c. 330. See *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge,* 320 Mass. 516, 517–518. He appeals from a decree denying that he has rights under that section.

The material parts of c. 71, § 42A, provide that "No principal or supervisor who has served in that position for over three years shall . . . be demoted . . ." except as provided therein. The plaintiff contends that, although designated as a director, he was in truth a principal or a supervisor or both. We do not deal with this question, since in our opinion the plaintiff has failed to meet the other requirement of the section that he shall have "served in that position for over three years."

The facts appear from findings of the trial judge based upon an "agreed statement of facts." The plaintiff was first elected to the position of director of industrial arts on June 13, 1947, by vote of the school committee, "effective September 3, 1947." The records of the committee, opposite the marginal heading "election of teachers," show that on June 4, 1948, he was again elected director of industrial arts. On June 7, 1949, his name as director of industrial arts was included among "teachers" elected. The two votes last mentioned contained no reference to time. In 1950 he was not reëlected. On August 15 of that year he "was called in and questioned by the committee." On September 8 a motion that the plaintiff be elected "on tenure" was voted down, and it was voted that he be relieved from his duties as director of industrial arts and returned to his former position as a teacher. This was the demotion claimed. Before this the plaintiff had been included among the assistant superintendents, supervisors and directors to

whom the superintendent of schools had sent a circular letter, dated May 29, 1950, reminding them of the need of their services "the last week in August to assist in completing plans for the reopening of schools on September 6," and stating that the superintendent expected "to find . . . [him] ready for work on and after Tuesday, August 29." Notwithstanding the failure of the committee to reëlect the plaintiff, he reported for work on August 29 as director of industrial arts "and served in that position through September 8, 1950," when the committee voted to deny him election on tenure. Subsequent votes are not important, except that the plaintiff's request for a hearing was ultimately denied.

The words of § 42A, "No principal or supervisor who has served in that position for over three years shall . . . be demoted . . . ," must be held to refer to lawful service rendered under authority of the school committee. They cannot refer to some kind of unauthorized service which one may manage to perform on his own volition or by direction of someone having no authority to direct. From the several votes passed by the school committee it is apparent that the plaintiff was elected annually for a term which presumably corresponded with the ensuing school year. This was in accordance with the prevailing practice in electing teachers. See G. L. (Ter. Ed.) c. 71, § 41, as most recently amended by St. 1950, c. 283; *Frye* v. *School Committee of Leicester*, 300 Mass. 537; *Callahan* v. *Woburn*, 306 Mass. 265, 268–269; *Hayes* v. *Brockton*, 313 Mass. 641, 644. In these votes the plaintiff was referred to as a teacher, and it would seem that in all except the first his name was listed with those of teachers. At any rate, there is nothing whatever to show that any election was for a period longer than the ensuing school year, or that the plaintiff had any reason to suppose that it was. The plaintiff served lawfully and under the authority of the school committee for three school years. If the words "three years" in § 42A are satisfied by three school years, which we do not decide, then he had lawfully served three years of the time required by the

statute. But at that point his right to serve ended. He was never reëlected by the committee. Instead, he "was called in and questioned by the committee." The superintendent had no authority to direct him to continue his work after his term of employment had expired. Authority to employ him was vested solely in the school committee. G. L. (Ter. Ed.) c. 71, §§ 37, 38. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 88–89. *Hayes* v. *Brockton*, 313 Mass. 641, 644. *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516, 519. And that authority could not be delegated. *O'Brien* v. *Pittsfield*, 316 Mass. 283, 285–286. It follows that, although the plaintiff may have served for three years, he did not serve "for over three years" as was required by § 42A as a condition precedent to the rights which he now claims.

The final decree is to be modified in respect to the reasons stated therein so that the decretal part thereof shall read, ". . . it is ordered, adjudged, and decreed that the plaintiff has no right to a hearing in accordance with the provisions of General Laws (Ter. Ed.) c. 71, § 42A, inserted by St. 1945, c. 330, for the reason that the plaintiff has not served in the position of principal or supervisor for over three years, as required by that section." As so modified the decree is affirmed.

*So ordered.*