Donald **HUDSON** et al., as representative of a class of all students at Southwestern State College, seeking to form an organization entitled "Viet Nam Veterans Against the War" and/or "Students Against the War," Plaintiffs-Appellants,

v.

Al **HARRIS**, Individually and as President of Southwestern State College, and Fred G. Janzen, Individually and as Dean of Students of Southwestern State College, Defendants-Appellees.

No. 72–1366.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 12, 1973.

Decided May 9, 1973.

Stephen Jones, Enid, Okl. (Michael P. Atkinson, Enid, Okl., on the brief), for plaintiffs-appellants.

C. Larry Pain, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen., Oklahoma City, Okl., on the brief), for defendants-appellees.

Before HILL and HOLLOWAY, Circuit Judges, and TEMPLAR, District Judge.

PER CURIAM.

This appeal is from the Western District of Oklahoma for summarily dismissing appellants' civil rights action. Appellants bring this class action as representatives of a class of students at Southwestern State College in Oklahoma who undertook the formation of two organizations entitled "Viet Nam Veterans Against the War" and "Students Against

the War." Appellees are the college president and the dean of students who rejected appellants' applications for the antiwar organizations.

Southwestern State College is a public, tax-supported institution of higher learning maintained by the State of Oklahoma at Weatherford, Oklahoma. The appellants were students at Southwestern State who opposed the United States' policies in Southeast Asia. On two separate occasions appellants submitted applications to appellees requesting permission to establish an antiwar organization on campus. The applications were submitted pursuant to Southwestern State College regulations requiring any new organization on campus first to secure permission from the dean of students. On both occasions they received a letter from the dean denying their request. The reason behind the denials was "that we do not see a specific need for an organization of this type. We feel that the organization and functions of the Student Association permits all students to express their concerns in a constructive manner."

Appellants thereafter brought suit in federal court claiming jurisdiction under the First, Ninth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983. They also requested a temporary and permanent injunction prohibiting appellees from refusing to approve their proposed organizations as formal student groups. They also demanded a declaration that Southwestern State College as operated by appellees is violative of the Fourteenth Amendment's due process and equal protection clauses because guidelines for approval of campus organizations are vague and overbroad.

Appellants support their contentions by the following argument. Forty-seven honorary and professional organizations operate on the Southwestern State campus. Many of these organizations, such as the Oklahoma Young Republicans and Oklahoma Young Democrats, are at least in part political organizations. Many other organizations, such as Southwestern State Collegiate Farmers Union, take positions on political issues. Discrimination is also prevalent in the privileged status given certain off-campus organizations. For example, the Armed Forces are permitted to recruit on campus while antiwar organizations are denied use of the campus to solicit memberships and opposition to the Viet Nam war.

Appellees moved to dismiss the complaint on the ground no constitutional right of appellants had been denied, only the privilege of recognition. The motion was granted. It was the trial court's position that college regulations are matters for the legislature rather than the judiciary and only when school administrators act fraudulently, capriciously or arbitrarily may the judiciary interfere with administration of school affairs; that no constitutional right had been denied because neither freedom of expression nor advocacy of individual beliefs had been impeded; and that appellants had not been deprived of any federally protected right under color of state law, therefore are not entitled to proceed in federal court.

We cannot agree with the trial court's position in light of the recent Supreme Court decision in Healy v. James, 408 U.S. 169, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972).[1] In Healy, a group of college students organized a "local chapter" of Students for a Democratic Society (SDS) and filed a request for official recognition as a campus organization. Although the SDS representatives stated they would not affiliate with the national SDS but would remain completely independent, the college president denied the application saying the organization's philosophy was not in accord with school policies. The Supreme Court, in holding for the SDS group, stated that First

1. The trial judge did not have the benefit of this case because the judgment appealed from was entered on March 29, 1972, and the Healy case was not decided until June 26, 1972.

Amendment rights are available to students while on school premises. "The vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools." Healy v. James, supra at 180, 92 S.Ct. at 2346, quoting Shelton v. Tucker, 364 U.S. 479, 487, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960). The Court there also determined that governmental action denying rights and privileges of a citizen's association merely because it is an unpopular organization cannot be sanctioned. *See also* United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967).

We realize schools operate under unique circumstances and thus denial of approval should not be limited to acts of a criminal nature. "Associational activities need not be tolerated where they infringe reasonable campus rules, interrupt classes or substantially interfere with the opportunity of other students to obtain an education." Healy v. James, supra at 189, 92 S.Ct. at 2350. The test to be applied is whether such an organization would substantially and materially interfere with the discipline necessary to operate the college. Burnside v. Byars, 363 F.2d 744 (5th Cir. 1966).

At this stage of the proceedings we cannot determine whether appellants' organizations will substantially and materially interfere with the operation of Southwestern State College. There were no allegations of such fact in appellees' motion to dismiss. We must therefore follow the rule that a claim for relief should not be dismissed unless it appears beyond a reasonable doubt that appellants can prove no set of facts supporting their claim for relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); Williams v. Eaton, 443 F.2d 422 (10th Cir. 1971). On the face of appellants' complaint it appears their constitutional rights have been violated and thus it was error to grant a motion to dismiss.

The order granting the motion to dismiss is set aside, and the case is remanded to the trial court for further proceedings consistent herewith.