Barbara COURTNEY, Plaintiff,

v.

SCHOOL DISTRICT NO. 1, LINCOLN COUNTY, WYOMING, et al., Defendants.

Civ. No. 5900.

United States District Court, D. Wyoming.

Feb. 28, 1974.

Charles E. Graves and Urbigkit, Moriarity & Halle, Cheyenne, Wyo., for plaintiff.

E. J. Herschler, Kemmerer, Wyo., and Hirst, Applegate & Dray, Cheyenne, Wyo., for defendants.

## JUDGE'S MEMORANDUM

KERR, District Judge.

The above matter is an action brought by plaintiff alleging termination of her employment as a school teacher by the defendant school district in a wrongful manner and in violation of her civil rights. Defendants, in their individual and official capacities, have filed motions for "dismissal or for summary judgment". The school board, in its official status, has raised the defenses that (1) it is not a "person" as defined under the Civil Rights Act, 42 U.S.C. § 1983; and (2) that the doctrine of respondeat superior does not apply to such an action. The defendants, in their individual capacities, have moved for "dismissal or for summary judgment" on the grounds (1) that no claim for which relief can be granted has been stated by the plaintiff; (2) that the statute of limitations, Wyo.Stat. § 1–19 (1957), bars this action; and (3) that all actions taken or done by the defendants were performed in good faith. These motions have been filed without supporting affidavits or documents. Plaintiff has not filed any documents opposing the motions.

Plaintiff was hired as an elementary school teacher by the defendants for the school year 1970–71. Her contract was renewed for 1971–72. The board did not renew her contract for the school year 1972–73 because of conditions it considered detrimental to her teaching duties. Plaintiff is divorced and the mother of two minor children. This situation has caused financial problems and these problems were the basis for the board's non-renewal. In a letter to plaintiff written by the superintendent of schools, it was stated that plaintiff's non-payment of bills and the writing of insufficient funds checks were the reasons the board intended not to renew her contract. On this point the defendant alleges that plaintiff in fact resigned, and therefore, there was technically never any non-renewal on its part. Plaintiff denies that her personal financial problems have affected her classroom performance. In addition, plaintiff alleges that a State Department of Education form, completed by one of the defendants, Arlyn Wainwright, contained false, slanderous and libelous material; and that the defendants, in whole or in part, have conspired to harm her reputation and good name and to prevent her from obtaining other employment. Defendants deny that the evaluation was malicious or libelous, but was rather a true and correct evaluation of plaintiff.

Plaintiff, with leave of Court and consent of the defendants, has filed an amended complaint. Defendants have not filed their amended answer to the amended complaint. The Court in viewing the pleadings must construe them so as to do substantial justice, Fed.R.Civ.P. 8(f), disregarding all non-prejudicial error. Fed.R.Civ.P. 61. By relation back, and for purposes of this opinion, the Court assumes that defendants would adopt their original answer substantially as filed.

The Board in its official capacity has moved for dismissal on the grounds it is not a person within the meaning of 42 U.S.C. § 1983, and that the doctrine of respondeat superior does not apply to such a cause of action, so that as to it no claim is stated for which

relief may be granted. Treating all motions filed by the defendants as motions to dismiss, it is clear that the Court must "[C]onstrue all well-pleaded, material allegations in the complaint as being true and admitted for purposes of the motion, unless clearly unwarranted. Only when it appears to a certainty that no basis for relief is present under the stated facts to support the claim may the Court dismiss due to the insufficiency of the claim". Gas-A-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102 (10th Cir. 1973); 2 A. Moore Federal Practice § 12.08 (2d ed. 1968). "A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim". Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970); cf. Hudson v. Harris, 478 F.2d 244 (10th Cir. 1973). With these guidelines in mind, the Court considers the various grounds raised.

■ 42 U.S.C. § 1983 states, in part, "Every *person* who, under color of any statute, ordinance, regulation, *custom, or usage, of any State* . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights . . ., shall be liable to the party injured in an action at law, suit in equity, or other proceeding . . . ". The basic requirements of a complaint based upon 42 U.S.C. § 1983 are: "(1) that the conduct complained of was engaged under color of the state law, and (2) that such conduct deprived the plaintiff of rights, privileges, or immunities secured by the Federal Constitution and laws". Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969). Defendants argue, based on Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that they are not a "person" within the meaning of the statute, as that case held that "municipal corporations" *are not within the ambit* of § 1983. Under Wyoming law, school districts are granted corporate status.

Wyo.Stat., 21.1–17 (1973). By law, such districts "[M]ay sue and be sued in the name by which the district is designated". Wyo.Stat. § 21.1–27(a) (1973). This susceptibility to suit has been recognized by the Wyoming Supreme Court. See O'Melia v. Sweetwater County School District, 497 P.2d 540 (1972); Monohan v. Board of Trustees, 486 P.2d 235 (1971). Their status is one of a public corporation or quasi–corporation. See People ex rel Younger v. County of El Dorado, 487 P.2d 1193, 1199 (1971). An action brought under 42 U.S.C. § 1983 is to be liberally viewed so as to effectuate the rights guaranteed thereby. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). A school district is corporate in nature, and distinct from a municipal corporation under Wyoming law. Under the new Education Code, Wyo.Stat. § 21.1–17 et seq., school districts have been granted many new and sweeping powers and are even allowed to provide through insurance coverage for any school board member or district employee against whom judgment may be had. These powers are a dramatic change from the old law, whereunder school boards only had the power to sell district property. See Wyo.Stat. § 21–115(7) (1957) (repealed 1969). These new powers evidence the clear intention of making school districts more than simply an agent of the state, as is a municipal corporation. It has been held, "[F]or purposes of 42 U.S.C. § 1983, the board is a 'person' . . . ". See Harkless v. Sweeny Independent School District, above 427 F.2d at 323; contra Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1969).

■■ From the above, it is the opinion of this Court that, for purposes of this law, a school board is a "person" and subject to suit. As for the board members individually, it is clear that Monroe v. Pape, above, is no bar to such an action for damages. See also City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), wherein the Court held that injunctive relief against a municipal officer may be had,

**404**

but not as against the municipality. See Smith v. Losee, 485 F.2d 334 (10th Cir. 1973).

 The Board asserts that the acts of the superintendent and principal cannot be imputed to it, so as to make it vicariously liable for such actions. Defendants cite various cases, including Salazar v. Dowd, 256 F.Supp. 220 (D. Colo.1966), as support for their position. In Dewell v. Lawson, 489 F.2d 877 (10th Cir. filed January 7, 1974), wherein plaintiff had sued Oklahoma City and the Chief of Police and the lower court had dismissed the action as against the Chief of Police, the Court, Circuit Judge Barrett, in reversing stated, "The common law defense under state law would not be available to a state officer charged in a Federal Civil Rights cause of action. Thus the doctrine of respondeat superior cognizable under Oklahoma law is not a defense available to Chief Lawson in this federal cause of action. Our holding in this respect rejected (sic) the opposite holdings of . . ., Salazar v. Dowd, . . . and other like decisions".

From the foregoing it follows that the doctrine of respondeat superior is not a bar to this action, and the board may be vicariously liable for the actions of its agents.

The board members, individually, have asserted that the action is barred as their actions were taken in good faith. Be that as it may, it is clear that good faith is not an absolute bar to this action, but only a defense to be proven by the board at trial. See Smith v. Losee and Dewell v. Lawson, supra. Once plaintiff has proven a prima facie case, it will be the burden of the defendants to prove good faith or other justification for their actions. See Martin v. Duffie, 463 F.2d 464 (10th Cir. 1972). In this respect, it is clear that a claim for which relief might be granted has been stated as against the board, its individual members and agents.

Two of the defendants, the principal and the superintendent of the district, have raised the defense of the statute of limitations on the theory that, as against them, this is an action for slander and libel. They argue that such an action is barred by Wyo.Stat. § 1–19 (1957) which provides that such actions be brought within one year. From the complaint and the amended complaint, such a conclusion is not easily reached. To the contrary, it is clear that the actions of these defendants are intertwined with those of their co-defendants to an inexplicable degree. This is an instance where, due to the actions of these defendants, the "reputation, honor, integrity or good name" of plaintiff may be at stake. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 652, 30 L.Ed.2d 697 (1971). In these circumstances, the claim for relief should not be dismissed unless it appears beyond all doubt that plaintiff can prove no set of facts supporting the claim for relief. See Hudson v. Harris, 478 F.2d 244 (10th Cir. 1973).

For the reasons stated, the motions for "summary judgment or for dismissal" should be overruled.