Joan Rines **NEEDLEMAN**
v.
**Jack R. BOHLEN et al.**
Civ. A. No. 73–669–C.

United States District Court,
D. Massachusetts.

Dec. 20, 1974.

**744**

David Rines, Robert H. Rines, Rines & Rines, Boston, Mass., for plaintiff.

C. Peter R. Gossels, Boston, Mass., for defendants.

## MEMORANDUM and ORDER

CAFFREY, Chief Judge.

This action is brought under 42 U.S.C. § 1983 to redress alleged violations of plaintiff's constitutional rights. Plaintiff seeks damages, actual and punitive, as well as equitable relief. Plaintiff is a school teacher currently employed as a mathematics teacher by the town of Wayland, Massachusetts. The defendants are present and former chairmen and members of the Wayland School Committee and a present and a former Superintendent of Schools, all named in both their representative and individual capacities, and one of the school principals named in his individual capacity only. Jurisdiction is predicated on 28 U.S.C.A. §§ 1332 and 1343. Plaintiff further asserts that this Court has pendent jurisdiction over causes of action involving the violation of rights arising under Massachusetts statutes. The defendants move to dismiss on jurisdictional grounds as well as on the ground of failure to state a claim on which relief may be granted. They also have pleaded the defense of laches.

■ The burden of proving the Court's jurisdiction is on the plaintiff.

Ricciotti v. Warwick School Committee, 319 F.Supp. 1006 (D.R.I.1970). For purposes of a motion to dismiss, material facts alleged in the complaint are to be construed in the light most favorable to plaintiff and are taken as true but conclusions of the pleader are not to be considered. Robinson v. Stanley Home Products, Inc., 272 F.2d 601 (1 Cir. 1959); Dunn v. Gazzola, 216 F.2d 709 (1 Cir. 1954); Burhoe v. Byrne, 285 F. Supp. 382 (D.Mass.1968).

The amended complaint is in four counts. Count 1 alleges that the chairman and members of the 1970–71 School Committee removed plaintiff from a tenured position as Chairman of the Mathematics Department without affording her notice and a hearing thereby violating her rights under the Fifth and Fourteenth Amendments as well as her rights under several Massachusetts statutes. It also alleges that members of subsequent school committees have refused to reinstate plaintiff to that position.

Count 2 alleges that defendant former Superintendent Gainey caused plaintiff to be thus wrongfully deprived of her tenured position as Chairman of the Mathematics Department by recommending to the 1970–71 School Committee that plaintiff not be offered a contract as Chairman.

Count 3 alleges that defendant principal Kulevich and superintendent Zimmerman conspired to the end that plaintiff's annual salary increment for the school year 1972–1973 be withheld in reprisal for and in order to chill plaintiff's exercise of free speech in violation of 42 U.S.C. § 1983 and § 1985(3). She alleges that in furtherance of that conspiracy defendant Kulevich, without cause, evaluated her teaching performance as unsatisfactory and defendant Zimmerman recommended to the 1971–1972 and 1972–1973 School Committees that her annual salary increment be withheld. Count 3 further alleges that the defendant Chairman and members of the 1972–1973 School Committee deprived plaintiff of her salary increment

without affording her a hearing in violation of the Fifth and Fourteenth Amendments. She also alleges that this action was taken by defendant members of the School Committee in bad faith and in reprisal for her exercise of free speech.

Count 4 charges defendants Kulevich and Zimmerman with inducing the 1972–1973 School Committee to withhold plaintiff's increment, pursuant to their conspiracy, by means of fraudulent allegations and in bad faith.

The matter was argued and briefed by counsel and after hearing I rule as follows:

1. *Re Defendants' Jurisdictional Allegations*

■ Defendants contend that this Court lacks subject matter jurisdiction. It is well established that when a complaint in federal court is drawn to seek recovery directly on the basis of the Constitution and laws of the United States, the court must entertain the suit unless the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Mobil Oil Corp. v. Kelley, 493 F.2d 784 (5 Cir. 1974); Ouzts v. Maryland Nat'l Ins. Co., 470 F.2d 790 (9 Cir. 1972). Plaintiff predicates jurisdiction on 28 U.S.C. § 1343 alleging violations of 42 U.S.C. §§ 1983 and 1985(3).

■■ Sections 1985(3) and 1983 unquestionably authorize federal courts to entertain suits to redress the deprivation of constitutional rights under color of state law. Hagans v. Lavine, 415 U.S. 528, 538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Plaintiff's claim that the individual defendants, acting under color of state law, deprived her of her constitutional rights is neither insubstantial nor frivolous. Nor is it made solely for the purpose of obtaining jurisdiction. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sinderman, 408 U.S.

593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Therefore, I rule that this Court has subject matter jurisdiction over plaintiff's action against the individual defendants. Hagans v. Lavine, *supra*; Bell v. Hood, *supra*.

Defendant further asserts that this action must be dismissed to the extent that plaintiff seeks damages from defendants in their official capacities under the doctrine of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Plaintiff counters by contending that the grant of equitable relief in the form of a backpay award against the defendants in their official capacities is not precluded by the Supreme Court's holding in *Monroe*.

■■ In City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), the Supreme Court rejected the latter contention and held that states and their political subdivisions are not persons within the meaning of 42 U.S.C. § 1983 for purposes of equitable relief as well as for purposes of damages. To the extent that plaintiff seeks a money judgment against the defendants as officials of the Town of Wayland, whether in the form of equitable relief or damages, this suit is, in actuality, against the town itself, although not formally named as a party, because any recovery would be paid out of the town's treasury. Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Klein v. New Castle County, 370 F.Supp. 85, 91 (D.Del.1974); Westberry v. Fisher, 309 F.Supp. 12, 18 (D.Me.1970). Under the ruling in City of Kenosha v. Bruno, *supra,* this Court is without subject matter jurisdiction because the Town of Wayland is not a person within the meaning of § 1983.

■ I rule, furthermore, that plaintiff is attempting to do indirectly that which she may not accomplish directly. In Hayes v. Cape Henlopen School District, 341 F.Supp. 823 (D.Del.1972) the court in dismissing plaintiff's claim for damages against the defendant school

officials in their official capacities stated: "The doctrine established by the *Monroe* decision, that Section 1983 was not designed to redress an individual's deprivations at the expense of the public fisc, cannot be circumvented in this indirect fashion." 341 F.Supp. at 829. That portion of the motion to dismiss is allowed which seeks to dismiss the claim for monetary relief against the named defendants in their capacities as officials of the Town of Wayland.

■ Defendants contend that this Court lacks jurisdiction because the amount in controversy is less than ten thousand dollars. I rule that there is no requirement that the amount in controversy exceed $10,000 in order for federal jurisdiction to exist under 28 U.S.C. § 1343. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Potter v. McQueeney, 338 F. Supp. 1133 (D.R.I.1972). Plaintiff's allegation of jurisdiction under 28 U.S.C. § 1332 which does require a jurisdictional amount is fatally defective on its face for lack of complete diversity. Barker v. Lein, 366 F.2d 757 (1 Cir. 1966); Martin v. Wyzanski, 262 F.Supp. 925 (D.Mass.1967). I treat it as mere surplusage herein.

■ Defendant also moves to dismiss on the ground that this controversy is within "the exclusive jurisdiction of the School Committee . . . and the plaintiff has not exhausted her remedies thereunder." I rule that the assertion that this controversy involving the alleged deprivation of federal constitutional rights is within the exclusive jurisdiction of the School Committee is frivolous. Defendants do not specify what administrative remedies are open to plaintiff. In any event, the Court of Appeals for this circuit has held that there is no general requirement of administrative exhaustion in § 1983 cases; but rather, that there is a necessity for ripeness to the extent that there must be at least some definite administrative or institutional determination before a § 1983 action may arise. Raper v. Lucey, 488 F.2d 748, 751 n. 3 (1 Cir. 1973).

The Court there noted that courts should not intervene in school personnel problems without requiring "such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication." 488 F.2d at 751 n. 3, quoting Stevenson v. Board of Education, 426 F.2d 1154, 1157 (5 Cir.), cert. denied 400 U.S. 957, 91 S.Ct. 355, 27 L. Ed.2d 265 (1970). In the instant case, plaintiff was not offered a contract as Chairman of the Mathematics Department for the 1970–1971 school year and received no hearing prior to the School Committee's refusal to offer her a contract. Although she has requested reinstatement to that position from subsequent school committees, she has not been granted a hearing and reinstatement has been refused. The 1972–1973 School Committee voted to withhold plaintiff's 1972–1973 salary increment and, after postponing indefinitely a hearing scheduled for September 11, 1972, it has taken no further action with respect to plaintiff's objections to that decision. Therefore, it appears that the School Committee has completed its decision making and plans to take no further action with respect to either of plaintiff's claims. Consequently, the controversy is ripe for adjudication within the meaning of Raper v. Lucey. See Palmigiano v. Mullen, 491 F.2d 978, 980 n. 4 (1 Cir. 1974.)

■ Defendants' contention that this Court should abstain because plaintiff's claim is grounded on rights allegedly due her under the laws of Massachusetts is without merit. The violations complained of in the instant case rest solely on the Federal Constitution. Inquiry into state law is limited to a determination of whether plaintiff enjoyed an interest in property protected by the procedural safeguards of the Due Process Clause. Davis v. Barr, 373 F.Supp. 740, 747 (E.D.Tenn.1973). Furthermore, in the absence of ambiguity in the state statute relied on by a plaintiff, abstention is inappropriate. Wisconsin v.

Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Defendants have not pointed to any ambiguity in the language of these statutes and a reading of Mass.Gen.Laws ch. 71, §§ 41 and 42A reveals no ambiguity. Abstention would therefore be improper and defendants' request therefor is denied.

## 2. *Failure to State a Claim*

Defendants also move to dismiss on the ground that the complaint fails to state a claim on which relief may be granted. An action, especially under the Civil Rights Acts, should not be dismissed at the pleadings stage unless it appears to a legal certainty that plaintiff is entitled to no relief under any state of the facts which could be proved in support of her claims. Escalera v. New York City Housing Authority, 425 F.2d 853 (2 Cir.), cert. denied 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970); Kelly v. Wisconsin Interscholastic Athletic Ass'n, 367 F.Supp. 1388 (E. D.Wis.1974); Courtney v. School District No. 1, 371 F.Supp. 401 (D.Wyo. 1974); Ricciotti v. Warwick School Committee, *supra.*

There are two essential elements of a cause of action under § 1983: (1) the conduct complained of must have been done by some person acting under color of state and local law; and (2) such conduct must have deprived the plaintiff of rights, privileges, or immunities secured to her by the Constitution and laws of the United States. Beaumont v. Morgan, 427 F.2d 667 (1 Cir. 1970); Courtney v. School District No. 1, *supra;* Vanderzanden v. Lowell School District No. 71, 369 F.Supp. 67 (D.Or.1973); Ricciotti v. Warwick School Committee, *supra.* Action taken by members of a school committee with respect to hiring and renewing contracts of teachers and supervisory personnel as well as with respect to fixing their salaries is action taken under color of state law. See, e. g., Mass.Gen.Laws ch. 71, § 37 (1969); Mass.Gen.Laws ch. 71, §§ 38, 41, 43 (Supp.1973). Each of plain-

tiff's four claims will be analyzed separately to determine whether it satisfies the second requisite of a § 1983 claim— i. e., whether the conduct alleged deprived plaintiff of rights secured to her by the Federal Constitution.

In her first count plaintiff alleges that she served as Chairman of the Mathematics Department from 1962 through 1969, that she acquired tenure in that position by virtue of the operation of Mass.Gen.Laws ch. 71, §§ 41, 42A (1969) and that defendant members of the school committee deprived her of this position without cause and without affording her notice and a hearing as required by the due process clause. This count states a claim on which relief can be granted. If plaintiff is able to prove that she had tenure as Chairman of the Mathematics Department under Massachusetts statutes, she will have established a property interest encompassed within the Fourteenth Amendment's procedural protection. Board of Regents v. Roth, *supra;* Perry v. Sinderman, *supra;* Davis v. Barr, *supra.*

In her second count plaintiff charges defendant former Superintendent Gainey with inducing the 1970–1971 School Committee to terminate plaintiff's tenured employment as Chairman of the Mathematics Department. The specific actions of Gainey complained of are that he recommended to the School Committee that it not offer plaintiff a contract as Chairman of the Mathematics Department for the 1970–1971 school year and recommended that the contract be offered to someone else. Notwithstanding the liberal standard of review employed at this stage of a case, it appears that Count II fails to state a claim on which relief may be granted. Liability under § 1983 will lie where it is shown that the official charged directed or personally participated in the deprivation of plaintiff's rights. Vanderzanden v. Lowell School District No. 71, 369 F.Supp. 67, 75 (D.Or.1973). Defendant Gainey's alleged participation in the deprivation of plaintiff's rights was

limited to the recommendation made to the School Committee. He is not alleged to have participated in the decision not to offer plaintiff a contract as Chairman without benefit of a hearing. The power to renew contracts belongs to the school committee. Mass.Gen.Laws ch. 71, § 38 (1969); Demers v. School Committee of Worcester, 329 Mass. 370, 108 N.E.2d 651 (1952). Therefore, plaintiff's complaint against defendant Gainey based on the recommendation alleges no action taken by him to deprive plaintiff of any constitutional right and accordingly is dismissed for failure to state a claim on which relief may be granted. Vanderzanden, *supra*.

██ Counts III and IV of plaintiff's complaint allege that the defendants Kulevich and Zimmerman conspired, in violation of §§ 1985(3) and 1983, to induce the 1972–1973 School Committee to withhold plaintiff's salary increment in reprisal for and to chill plaintiff's exercise of free speech by means of false and fraudulent evaluations and that the 1972–1973 School Committee withheld plaintiff's annual salary increment in reprisal for her exercise of free speech and without a hearing in violation of plaintiff's First, Fifth and Fourteenth Amendment rights. To the extent that these counts charge defendants Zimmerman and Kulevich with violating § 1985(3) they are dismissed for failure to state a claim on which relief may be granted. There is no allegation in plaintiff's complaint nor does she allege any facts which would suggest that the purpose of the alleged conspiracy was to deprive her of equal protection. 42 U.S.C. § 1985(3) is limited in coverage to conspiracies whose purpose is to deprive of equal protection of the laws or of equal immunities under the law. "The conspiracy . . . must aim at the deprivation of the equal enjoyment of rights secured by the law to all." Grif-

fin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). *Accord*, Dowsey v. Wilkins, 467 F.2d 1022 (5 Cir. 1972); Crabtree v. Brennan, 466 F.2d 480 (6 Cir. 1972). Therefore, it is clear that plaintiff is not entitled to relief under § 1985(3) under any state of the facts which could be proved in support of her claims under Counts III and IV which Counts should be and are dismissed to the extent that they allege violations of that section. (1985(3)).

██ I rule that Counts III and IV do, however, state a claim under § 1983 against defendants Kulevich and Zimmerman as well as against the defendant members of the 1972–1973 School Committee. Plaintiff alleges that she was deprived of her annual salary increment for the school year 1972–1973 in retaliation for her exercise of free speech. Notwithstanding the Agreement between the Wayland School Committee and the Wayland Teachers Association whereby the right to withhold the salary increment of any tenured teacher evaluated as unsatisfactory is reserved to the School Committee, this allegation states a claim on which relief may be granted. Even though the government may deny a benefit for any number of reasons, a valuable governmental benefit may not be denied on a basis that infringes constitutionally protected interests—especially, the interest in free speech. Perry v. Sinderman, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).[1] Although the allegations contained in plaintiff's complaint with respect to her exercise of free speech are arguably conclusory, the exhibits attached thereto indicate that plaintiff's criticism of the school administration may have been a factor in the evaluations on which the decision to withhold her increment was based. (See, e. g., Exhibits C and SS.) Therefore, plain-

---

1. It should be noted that a teacher's First Amendment rights are not unlimited and in each case a balance must be struck between claims of First Amendment protection and the need for orderly school administration.

Pickering v. Board of Education, 391 U.S. 563, 568–569, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Vanderzanden v. Lowell School District No. 71, 369 F.Supp. 67 (D.Ore.1973).

tiff's claim that her salary increment was withheld in retaliation for her exercise of free speech is not subject to dismissal for failure to state a claim on which relief may be granted. Likewise, plaintiff's allegation that she was deprived of her salary increment without a hearing in violation of rights secured to her by the due process clause states a constitutional claim. "[P]roperty interests protected by procedural due process extend well beyond actual ownership of real estate, chattels and money." Board of Regents v. Roth, 408 U.S. at 571–572, 92 S.Ct. at 2706. Plaintiff is entitled to an opportunity to show that her interest in the salary increment was within the Fourteenth Amendment's protection and that she was in fact denied a hearing before the decision was made to withhold her increment.

In summary, Count I of plaintiff's complaint and Counts III and IV state a claim on which relief may be granted under § 1983 but to the extent that violations of § 1985(3) are alleged Counts III and IV are dismissed for failure to state a claim on which relief may be granted. Count II is dismissed in its entirety because it fails to state a claim on which relief may be granted.

### 3. Laches

Defendants contend that this action should be dismissed on the ground that it is barred by laches. In an action seeking money damages and equitable relief under 42 U.S.C. § 1983, the statute of limitations controls; the doctrine of laches is not applicable. Mizell v. North Broward Hospital District, 427 F.2d 468 (5 Cir. 1970); Baker v. F & F Investment, 420 F.2d 1191 (7 Cir.), cert. denied 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970). Defendants have not pleaded the statute of limitations as a defense either in their answer or in their motion to dismiss. Under Rule 8(c) of the Federal Rules of Civil Procedure, the statute of limitations is a defense which must be set forth affirmatively in the pleadings. Badway v. United States, 367 F.2d 22 (1 Cir. 1966).