CITY OF BUFFALO, Appellant-Respondent, v. J. W. CLEMENT COMPANY, INC., Respondent-Appellant.

Fourth Department, October 31, 1974.

*Anthony Manguso, Corporation Counsel (John P. Egan* of counsel), for appellant-respondent.

*Falk, Twelvetrees, Johnston & Siemer (J. Clement Johnston* of counsel), for respondent-appellant.

MOULE, J. In this condemnation case, we are asked to review a portion of the compensation awarded to the J. W. Clement Co. (Clement) as a result of a taking by the City of Buffalo (City) of a printing plant owned by Clement and formerly located at 227–265 Erie Street in the City's waterfront development area.

The matter is now before us on cross appeals following a third trial. After the first trial, appeals were taken both to this court (*City of Buffalo* v. *Clement Co.,* 34 A D 2d 24) and to the Court of Appeals (*City of Buffalo* v. *Clement Co.,* 28 N Y 2d 241). A second trial was ordered and following that proceeding an appeal was again taken to this court (*City of Buffalo* v. *Clement Co.,* 41 A D 2d 41). We ordered that a third trial be held and it is following that proceeding that we have the case before us again.

The history behind this condemnation action stretches back to the early 1950's. It has been told and retold in great detail in the prior opinions of this court and of the Court of Appeals. What has already been printed needs no repetition here. It is essential, however, that some background of the litigation be set forth briefly in order to bring into focus the issues which we must now resolve.

When this case was tried for the first time in the Supreme Court, Erie County, a finding was made that, although an order of condemnation on Clement's Erie Street plant was not obtained until 1967, the City, by imposing a long-standing threat of condemnation over the property, had effected a *de facto* taking of the premises by 1963. Therefore, compensation due Clement was determined as of that year.

The Court of Appeals held that there had been no *de facto* taking and that the property should be valued as of the date of the *de jure* taking. The case was sent back for a second trial with the direction that the premises be appraised as if the value

depressing effects of impending condemnation were nonexistent (*City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241, *supra*).

On appeal to this court following the second trial, we held that the Court of Appeals' directions after the first trial had not been complied with (*City of Buffalo* v. *Clement Co.*, 41 A D 2d 41, *supra*). Specifically, we found that the trial court's awards of $896,000 for buildings and $152,700 for irremovable fixtures were unsupported. As to the former, we said that the City's expert witnesses failed to value the property as if condemnation blight had not depressed its worth and that Clement's experts erroneously considered the property a specialty and, consequently, omitted consideration of the market data approach in their appraisals. As to the latter, we said that the highest value for irremovable fixtures reflected in the testimony was $118,343.

Throughout this lengthy process of trials and appeals, certain elements of the total compensation due Clement have been resolved with finality. These have been reflected in the judgment entered following the third trial. There is no longer any dispute that the value of the land taken by the City was $212,000 and that the cost to Clement of relocating machinery from the Erie Street plant was $869,212. What we now must review is a combined award by the trial court of $966,343 for the buildings and irremovable fixtures as well as several issues raised concerning awards for interest, costs and attorneys' fees.

It appears that the expert witnesses testifying on behalf of each of the litigants have substantially remedied the deficiencies in their respective analyses which we found in the record of the second trial. Both sides' experts agree that the highest and best use of the property is as a printing plant. The expert testifying on behalf of the City considered the "affirmative value-depressing acts" of the City as required by the Court of Appeals (*City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241, *supra*). Clement's expert based his appraisal in part on the market data approach to valuation, the element he had omitted at the second trial.

The sum of $966,343 awarded by the trial court for buildings and irremovables breaks down into components of $848,000 attributable to buildings and $118,343 attributable to irremovables. These figures are within the range of expert testimony and are affirmed (*Matter of City of New York* [*A & W Realty Corp.*], 1 N Y 2d 428; *City of Buffalo* v. *Clement Co.*, 41 A D 2d 41, *supra*). Additionally, we find no error in the trial court's admission of the prior testimony of two Clement witnesses; in

its limitation of the rate of interest on the judgment to 6%; in its refusal to make a second award of $3,000 additional costs under CPLR 8303 (subd. [a], par. 2); or in its refusal to award attorneys' fees.

CPLR 4517 provides that the prior testimony of a witness who is absent beyond the jurisdiction of the court may be introduced into evidence in a subsequent trial of the same subject matter in the same or another action between the same parties. It does not require that any efforts, let alone diligent efforts as maintained by the City, be made to secure the attendance of such a witness. In this case, there was adequate foundation laid for the absence of the two Clement witnesses whose testimony is objected to by the City. The subject matter and the parties in this action have not changed over the course of three trials and the City had not one but two prior opportunities to cross-examine these individuals.

Section 16 of the State Finance Law provides for the assessment of interest at the rate of 6% on judgments against the State. The rate is presumptively valid (*City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241, *supra*). On prior appeals in this matter, the statutory interest rate has been adhered to and no evidence now presented convinces us to alter this course at such a late stage in the proceedings (*City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241, *supra*; *City of Buffalo* v. *Clement Co.*, 34 A D 2d 24, *supra*). Likewise, we find no error in the time periods for which interest was charged. The judgment of the trial court clearly states that interest shall accrue until the date of entry.

CPLR 8303 (subd. [a], par. 2) allows the trial court, in its discretion, to award any party to a difficult or extraordinary case, where a defense has been interposed, additional costs up to the sum of $3,000. Such an award was made by the trial court in this litigation following the second trial and was affirmed by this court (*City of Buffalo* v. *Clement Co.*, 41 A D 2d 41, *supra*). We find no abuse of discretion on the trial court's part in refusing to make another $3,000 award for the third trial. Since 1879, the rule has been that additional allowances are not permitted for each additional trial (*Flynn* v. *Equitable Life Assur. Soc.*, 18 Hun 212). The principle set forth therein has apparently gone unquestioned (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8303.14).

When this case reached the Court of Appeals after the first trial, Clement's application for an award of attorneys' fees was denied. The court then stated that "these expenses are merely incidents of litigation and thus are not compensable in the

absence of statutory authority providing for such" (*City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241, 262–263, *supra*). We do not construe the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (U. S. Code, tit. 42, §§ 4654, 4655) as authority to award such fees. Section 4654 of that statute, by its terms, applies only to proceedings in Federal courts. Section 4655 prescribes conduct between Federal agencies and State agencies in condemnation projects involving Federal moneys. It makes no reference to actions pending in State courts. All that section 4655 says is that no head of a Federal agency may approve payment of Federal funds to a State agency unless the State assures it that a condemned property owner's expenses, including attorneys' fees, will be paid in accordance with the provisions of section 4654. Subdivision 2 of section 74-b of the General Municipal Law gives municipal corporations the authority to provide for such expense payment to qualify for Federal funding. In this case, the City has not so provided and whether or not it should, at the risk of losing Federal funding for its waterfront redevelopment project, is a matter between the City and the Federal Government, beyond the scope of this litigation.

The only substantial error we find on the record before us is in the trial court's failure to include in its judgment costs in the amount of $17,642.76 awarded to Clement following the second trial and affirmed by this court (*City of Buffalo* v. *Clement Co.*, 41 A D 2d 41, *supra*). The judgment should properly reflect this award.

Accordingly, the judgment should be modified to include an award of $17,642.76 to Clement as costs for the second trial, and in all other respects, affirmed.

MARSH, P. J., SIMONS and DEL VECCHIO, JJ., concur.

Judgment unanimously modified in accordance with opinion and as modified affirmed, with costs to defendant.