**HEBER VALLEY MILK COMPANY, Plaintiff-Appellant,**

v.

**Earl BUTZ, United States Secretary of Agriculture, Defendant-Appellee.**

**No. 73–1725.**

United States Court of Appeals, Tenth Circuit.

June 26, 1974.

Rehearing Denied Nov. 1, 1974.

Rule 56 of the Federal Rules of Civil Procedure on the ground that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. The motion further set forth that it was based upon "the pleadings, the record of the administrative proceedings before the Secretary of Agriculture, . . . and upon controlling law . . ."

Upon hearing and after listening to the arguments of opposing counsel, the trial court granted Butz's motion for summary judgment and entered judgment in favor of the Secretary. Heber Valley now appeals. We reverse under the authority of our recent decision in Nickol v. United States, 501 F.2d 1389 (10th Cir. 1974).

In *Nickol* we held that summary judgment is inappropriate in a judicial review under the Administrative Procedure Act of 1946 of an order and decision of an administrative agency when the issue to be decided is whether the administrative order is supported by substantial evidence, and there is substantial controversy as to the material facts. We indicated in *Nickol* that it is the duty of the trial court to examine the record as made before the administrative agency, and then to "find," and to identify, the "facts" which it deems to be supportive of the agency's order, if such be the trial court's resolution of the matter. The trial judge in *Nickol* in his judgment and order stated that he had examined the record as made before the administrative agency and that he had "concluded" that there was evidence to support the agency's decision. But in *Nichol* we held that such was not enough, and that the trial court must itself make "a finding of fact or facts as to what is the substantial evidence which supports the agency determination. . . . [and that] [t]he appellate court cannot properly review the district court's action without such findings."

Richard W. Giauque, Salt Lake City, Utah (Van Cott, Bagley, Cornwall & McCarthy and Jean L. W. Barnard, Salt Lake City, Utah, on the brief), for plaintiff-appellant.

Judith S. Feigin, Washington, D. C. (Irving Jaffe, Acting Asst. Atty. Gen., C. Nelson Day, U. S. Atty. and Robert E. Kopp, Atty., Dept. of Justice, on the brief), for defendant-appellee.

Before CLARK,* Justice, and HILL and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Pursuant to 7 U.S.C. § 608c(15)(B), Heber Valley Milk Company filed in the United States District Court for The District of Utah a petition for review of a milk order of Earl Butz, the Secretary of Agriculture. Butz incorporated in his answer by reference a certified copy of the transcript of proceedings before the Department of Agriculture and then moved for summary judgment under

* Honorable Tom C. Clark, Associate Justice Retired, United States Supreme Court, sitting by designation.

Both the rule and reasoning of *Nickol* dictate a reversal of the instant case and a remand with directions that the trial court examine the record of proceedings as made before the Secretary of Agriculture and then make findings as to the facts which it deems to be supportive of the Secretary's decision and order. The central issue in the instant case is whether the order and decision of the Secretary of Agriculture is "in accordance with law," which carries with it a determination as to whether the order is supported by substantial evidence. See, for example, Chiglades Farm, Ltd. v. Butz, 485 F.2d 1125 (5th Cir. 1973); Fairmont Foods Company v. Hardin, 143 U.S.App.D.C. 40, 442 F.2d 762 (1971); Lewes Dairy, Inc. v. Freemans, 401 F.2d 308 (6th Cir. 1968), cert. denied, 394 U.S. 929, 89 S.Ct. 1187, 22 L.Ed.2d 455 (1968); and Freeman v. Hygeia Dairy Company, 326 F.2d 271 (5th Cir. 1964).

In the present case, unlike *Nickol*, there is nothing in the record before us to indicate that the trial judge before granting summary judgment had himself examined the record as theretofore made before the Secretary of Agriculture. From the colloquy between the court and counsel it would appear that such was not the case, and that in granting the Secretary's motion for summary judgment, the court relied on counsel's statements as to what was in the record. In any event, under *Nickol*, the trial court must itself examine the record as made before the agency and must itself find and identify the supportive facts.

In reversing we are aware that the trial court in granting the summary judgment was following procedures which were often used in a proceeding of this type. However, *Nickol*, which was decided only recently and long after the trial court acted in the present case, has changed all that.

Judgment reversed and case remanded for further proceedings consonant with the views herein expressed.