**Henry C. STARKE, Plaintiff,**

**v.**

**SECRETARY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Robert H. Breeden, Director Area Office, U. S. Department of Housing and Urban Development, and James B. White, Executive Director, Oklahoma City Urban Renewal Authority, Defendants.**

**No. CIV–76–0286–D.**

United States District Court,
W. D. Oklahoma.

Sept. 14, 1976.

Memorandum Opinion June 2, 1977.

Henry C. Starke, pro se.

Woodrow H. McConnell, Oklahoma City, Okl., for plaintiff.

David L. Russell, U. S. Atty. by Richard F. Campbell, III, Asst. U. S. Atty., Oklahoma City, Okl., for defendants Secretary and Breeden.

Jerry L. Salyer and Gregg R. Renegar, Oklahoma City, Okl., for defendant White.

## ORDER

DAUGHERTY, Chief Judge.

In this action Plaintiff seeks judicial review of Defendants' decision denying Plaintiff relocation payments under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 through § 4655 inclusive (hereinafter called the "Policies Act"). Plaintiff filed a Petition For Review with this Court, alleging that the Defendants' decision was not in accordance with the law. Plaintiff alleges that Defendants did not comply with 42 U.S.C. § 4630 in making the decision. 42 U.S.C. § 4630 provides that:

> "Notwithstanding any other law, the head of a Federal agency shall not approve any grant to, or contract or agreement with, a State agency, under which Federal financial assistance will be available to pay all or part of the cost of any program or project which will result in the displacement of any person on or after January 2, 1971, unless he receives satisfactory assurances from such State agency that—
>
> > (1) fair and reasonable relocation payments and assistance shall be provided to or for displaced persons, as are required to be provided by a Federal agency under sections 4622, 4623, and 4624 of this title."

In the Petition For Review, Plaintiff alleges that he has exhausted all administrative remedies. Defendants filed herein, pursuant to Rule 56(b), Federal Rules of Civil Procedure, a Motion For Summary Judgment and, pursuant to Rule 12(b), Federal Rules of Civil Procedure, a Motion To Dismiss. In support of the Motion To Dismiss Defendants contend that this Court lacks jurisdiction over the subject matter of this action and that the complaint fails to state a claim upon which relief can be granted. Upon due consideration, the Court finds and concludes that, for the following reasons, Defendants' Motion For Summary Judgment and Motion To Dismiss should be overruled.

480

# 480

## MOTION FOR SUMMARY JUDGMENT

 Defendants' Motion For Summary Judgment filed herein should be denied as an inappropriate procedural means to judicially review the decision of the Secretary of the United States Department of Housing and Urban Development denying Plaintiff's claim for relocation payments under 42 U.S.C. § 4622(c). *Nickol v. United States,* 501 F.2d 1389 (Tenth Cir. 1974); *Heber Valley Milk Company v. Butz,* 503 F.2d 96 (Tenth Cir. 1974).

## MOTION TO DISMISS

 Defendants contend that the Court should dismiss the action on the grounds that the Court lacks jurisdiction over the subject matter. Defendants contend that the determination made by the Defendants was committed to agency discretion by law and therefore not reviewable by this Court, 5 U.S.C. § 701(a)(2). The Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, provides for judicial review of certain agency action. 5 U.S.C. § 702 provides that:

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

The denial of a relocation payment claim under 42 U.S.C. § 4622 is administrative agency action which an aggrieved party has a right to have judicially reviewed under 5 U.S.C. § 702. Federal agency action under Title II of the Policies Act of 1970, 42 U.S.C. §§ 4621–4638, is subject to review under the Administrative Procedures Act. *Lewis v. Brinegar,* 372 F.Supp. 424 (W.D. Mo.1974). There have been a number of recent cases which have held that the sections of the Policies Act, with the exception of 42 U.S.C. § 4651, are judicially enforceable and that agency action under those sections is subject to judicial review. See *Tullock v. State Highway Commission of Missouri,* 507 F.2d 712 (Eighth Cir. 1974); *Jones v. District of Columbia, Redevelopment Land Agency,* 162 U.S.App.D.C. 366, 499 F.2d 502 (1974); *Beaird-Poulan, Inc. v.*

*Department of Highways, State of Louisiana,* 497 F.2d 54 (Fifth Cir. 1974), cert. den. 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 670; *Lathan v. Volpe,* 455 F.2d 1111 (Ninth Cir. 1971); *Whitman v. State Highway Commission of Missouri,* 400 F.Supp. 1050 (W.D.Mo. 1975); *La Raza Unida v. Volpe,* 337 F.Supp. 221 (N.D.Cal.1971) affirmed 488 F.2d 559 (Ninth Cir. 1973) cert. den. 409 U.S. 890, 93 S.Ct. 105, 34 L.Ed.2d 147. The instant case is concerned not with 42 U.S.C. § 4651 but with 42 U.S.C. § 4622 and is therefore within those sections subject to judicial review.

Defendants' Brief in Support of Motion to Dismiss cites *Will-Tex Plastics Mfg., Inc. v. Department of Housing and Urban Development,* 346 F.Supp. 654 (E.D.Pa.1972) affirmed 478 F.2d 1399 (Third Cir.), as authority for Defendants' contention that the Defendants' determination of Plaintiff's claim for relocation payments under 42 U.S.C. § 4622 was committed to agency discretion by law. In the *Will-Tex* case the Plaintiff sought injunctive relief to halt all redevelopment programs in the City of Philadelphia and all federal assistance for such projects until and unless Plaintiff, a tenant in a property acquired by the Redevelopment Authority of the City of Philadelphia, was offered just compensation for machinery and equipment that the Plaintiff had placed on the premises and was provided with a written statement of and summary of the basis for the amount offered. Plaintiff alleged in *Will-Tex* that the Defendant had failed to comply with 42 U.S.C. § 4651(3) and (6) and 42 U.S.C. § 4652. The Court's discussion of the legislative history of the Policies Act was concerned with the applicability of 42 U.S.C. § 4602(a) to that case. 42 U.S.C. § 4602(a) provides:

> "The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation."

In *Will-Tex* the Court specifically noted that Plaintiff's allegations were under Title III of the Policies Act, 42 U.S.C. §§ 4651–4655 and not under Title II. The decision in the *Will-Tex* case dismissing Plaintiff's

action pursuant to 42 U.S.C. § 4602(a) is not applicable in the instant case. 42 U.S.C. § 4602(a) is expressly limited in its application to 42 U.S.C. § 4651, as by its explicit terms it applies only to that section. For a discussion of the legislative history of the Policies Act see *Barnhart v. Brinegar*, 362 F.Supp. 464, 467 (W.D.Mo.1973). The Court in *Barnhart* analyzes the legislative history of 42 U.S.C. § 4602(a) and concludes that, under this section, Congress did not intend to prevent judicial review of agency action under any sections of the Policies Act other than 42 U.S.C. § 4651. As stated before, the instant case is concerned not with 42 U.S.C. § 4651 but rather with 42 U.S.C. § 4622. Plaintiff's allegation in this action is that the Defendants failed to comply with provisions of Title II of the Policies Act, 42 U.S.C. §§ 4621–4638. Plaintiff makes no allegations concerning provisions of Title III of the Policies Act. For these reasons, the Court concludes that the *Will-Tex* decision is not controlling in this matter.

In light of the above discussion the Court concludes that this Court has, pursuant to the Administrative Procedure Act, jurisdiction over the subject matter of this action.

 Defendants also contend that this action should be dismissed on the grounds that the complaint fails to state a claim upon which relief can be granted. In considering a Motion To Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the allegations in the Complaint must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Dewell v. Lawson*, 489 F.2d 877 (Tenth Cir. 1974). The Complaint is construed favorably to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). And a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cruz v. Beto, supra*; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hudson v. Harris*, 478 F.2d 244 (Tenth Cir. 1973). In applying the above standard to the instant case, the Court concludes that Plaintiff has stated a claim upon which relief may be granted.

In view of the foregoing each of Defendants' Motions should be overruled. Defendant will answer within fifteen (15) days.

It is so ordered this 14th day of September, 1976.

## ON THE MERITS

This is an action seeking judicial review of Defendants' decision denying relocation payments to Plaintiff under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601 through 4655 inclusive (Policies Act). Plaintiff has filed a Petition For Review and a Brief in support thereof wherein it is alleged that Plaintiff has exhausted all of his administrative remedies and that Defendants' denial of relocation payments to Plaintiff was not in accordance with law. Defendants Secretary of HUD (Secretary) and Robert H. Breeden (Breeden) have filed an Answer and Response to Plaintiff's Petition For Review and Plaintiff has replied to said Response. Defendant James B. White (White) has filed an Answer and Brief in support thereof.

From the record submitted for review and stipulated to by the parties herein, it appears that Plaintiff is an attorney whose offices were in the Mercantile Building in Oklahoma City until November 1, 1974, at which time Plaintiff moved his offices to 301 N. Harvey in Oklahoma City because the Oklahoma City Urban Renewal Authority (OCURA) had acquired the Mercantile Building in connection with an urban renewal project. Plaintiff was first notified of OCURA's intention to take the property by a notice dated July 24, 1974. Plaintiff subsequently submitted a claim for relocation payment in lieu of moving and related expenses dated July 18, 1975, and a supplemental letter dated July 30, 1975. OCURA originally denied Plaintiff's request for said payment in a letter dated August 29, 1975, and on review in a letter signed by Defendant White and dated September 29, 1975, on the grounds that OCURA was unable to

determine that the relocation of Plaintiff's offices would result in a substantial loss of existing patronage and therefore, Plaintiff did not qualify for relocation payments under the applicable provisions of the Policies Act. In a letter dated October 23, 1975, to Defendant Breeden, Plaintiff requested that HUD review the decision denying Plaintiff's relocation payment claim. In a letter dated November 26, 1975, the determination of OCURA was sustained by the Oklahoma City Area Office of HUD based on the following factors:

"1. [Plaintiff's] offices were moved from the Mercantile Building, located at the corner of Main and Hudson, to the Security Federal Savings and Loan Building, located at 301 N. Harvey. The move was of a distance of three blocks, yet [Plaintiff's] offices are now across the street from the County Courthouse and closer to the Federal Courthouse than [Plaintiff's] old offices.

2. [Plaintiff's] new offices are located on the same block as the Oklahoma County Bar Association, which is located at 311 N. Harvey.

3. [Plaintiff's] new offices are one block from the Legal Aid Society of Oklahoma County, Inc., which is located at 200 N. Harvey.

4. The Oklahoma Bar Association in Advisory Opinion Number 195, May 5, 1958, ruled that an attorney could announce the opening of new offices by mail to members of the local Bar, personal friends, clients, and lawyers outside the local Bar with whom personal contacts have been made.

5. [Plaintiff's] existing patronage at the Mercantile Building could have been notified of the location of [Plaintiff's] new offices. The cost of notification may be determined a reasonable and necessary moving expense by the O.C.U.R.A."

Plaintiff then brought the instant action for review of the decision denying his claim for relocation benefits and this Court determined in an Order entered herein on Sep-

tember 14, 1976, that the Court has subject matter jurisdiction of this action under the provisions of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701–706.

A brief discussion of the Policies Act and the regulations promulgated to implement said Act is necessary at this point.

42 U.S.C. § 4621 provides:

"The purpose of this subchapter [Subchapter II—Uniform Relocation Assistance] is to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of Federal and federally assisted programs in order that such persons shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole."

To carry out the stated purpose of § 4621, 42 U.S.C. § 4622(a)(1) provides for the payment of actual moving expenses to persons whose businesses are displaced by a program or project undertaken by a Federal agency in any state. A person eligible for moving expenses under § 4622(a)(1) may elect to receive a fixed payment in lieu thereof in an amount equal to the average annual net earnings of his business not to exceed $10,000 pursuant to 42 U.S.C. § 4622(c). Before a payment can be made under § 4622(c), the head of the Federal agency must be satisfied that the business claimant's business cannot be relocated without a substantial loss of its existing patronage and is not part of a commercial enterprise having at least one other establishment not being acquired by the United States, which is engaged in the same or similar business. The provisions of the Policies Act allowing moving expenses or payments in lieu thereof are made applicable to federally assisted state projects by 42 U.S.C. § 4630. 42 U.S.C. § 4633(c) authorizes agency heads to prescribe regulations necessary or appropriate to carry out the Policies Act.

Pursuant to the authority granted by 42 U.S.C. § 4633(c), the Secretary promulgated 24 C.F.R. § 42.85 which established eligibility requirements for § 4622 relocation benefits for businesses. 24 C.F.R. § 42.85(b)

provides the eligibility requirement which is the subject of this action:

"(b) *Requirements—businesses.* No payment shall be made under this section unless the State agency determines that:

(1) The business cannot be relocated without a substantial loss of its existing patronage, based on a consideration of all pertinent circumstances including such factors as the type of business conducted, the nature of the clientele, and the relative importance to the displaced business of its present and proposed location; . . ."

24 C.F.R. § 42.170 places the initial responsibility for determining the eligibility and the amount of payment for any claim for relocation benefits upon the "State agency."[1] A claimant may have the initial determination reviewed by the head of the State agency or his authorized designee other than the person who made the determination in question. 24 C.F.R. § 42.225. The final determination of the State agency is subject to review by HUD upon the request of the claimant submitted to the Director of the HUD Area Office. 24 C.F.R. §. 42.-245(a). 24 C.F.R. § 42.250(b) establishes the scope of review by HUD and provides:

"The Area Director shall make his determination of the claimant's case in light of:

(1) All material upon which the State agency based its original determination, including all applicable rules and regulations;

[1] 24 C.F.R. § 42.20(s) defines "State agency" in part as "any department, agency, or instrumentality of a State or of a political subdivision of a State" and provides that the term "State agency" as used in the above regulations "shall mean the particular State agency to which Federal financial assistance is made available for a specific project." In the instant case, OCURA was the State agency charged with the responsibility of making the initial determination of Plaintiff's eligibility for relocation benefits.

[2] 5 U.S.C. § 706(2) lists the various standards of review of administrative action. Three of these standards arguably apply to the review of the evidence upon which an administrative agency has based its decision. The "arbitrary and capricious" standard required by

(2) The reasons given by the claimant for requesting review and reconsideration of his claim;

(3) Whatever written material has been submitted by the claimant; and

(4) Any further information which HUD may, in its discretion, obtain by request, investigation, or research to insure a fair and full review of the claim."

24 C.F.R. § 42.290 provides that the procedures for review by the State agency and HUD do not preclude a claimant from seeking judicial review or receiving a fair and impartial consideration of his claim on its merits upon exhaustion of the foregoing review procedures.

The review standard that the Court must follow in this case is that the HUD decision appealed from must be affirmed unless found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.[2] Review under 5 U.S.C. § 706(2)(A) involves inquiry as to whether the administrative decision appealed from was based on a consideration of all the relevant factors and whether there was a clear error of judgment. Although this inquiry into the facts is to be reaching and careful, the ultimate standard of review is a narrow one. The Court's review function is exhausted where a rational basis for the agency action taken is found. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Sabin v. Butz,* 515 F.2d 1061 (Tenth Cir. 1975).

§ 706(2)(A) applies without qualification; the "substantial evidence" standard applies only to cases subject to 5 U.S.C. §§ 556 and 557 and to agency hearings provided by statute; the "unwarranted by the facts" standard applies to cases subject to de novo trials by a reviewing court. As no hearing is provided by statute for relocation benefit claims and §§ 556 and 557 appear to be inapplicable, the APA does not require a reviewing court to apply the substantial evidence test. Nor is there any requirement for a de novo trial. Furthermore, it would seem to make little difference in the result of this case if either the arbitrary and capricious standard or the substantial evidence test standard were used by the Court herein.

484

Notwithstanding the narrow scope of review afforded actions brought under the APA, in conducting a judicial review of an administrative action it is the duty of this Court to examine the facts contained in the administrative record, evaluate the conflicts and make a determination therefrom whether the facts support the several elements which make up the ultimate administrative decision. *Heber Valley Milk Co. v. Butz,* 503 F.2d 96 (Tenth Cir. 1974); *Nickol v. United States,* 501 F.2d 1389 (Tenth Cir. 1974).

In view of the foregoing rules of law and upon examination of the record herein, the Court finds and concludes that Defendants' decision denying Plaintiff's claim for relocation benefits is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. The ultimate administrative decision in this case is based on a finding that Plaintiff's law offices were relocated three blocks from his former offices without a substantial loss of existing patronage; that Plaintiff was located quite near potential sources of business and was in fact closer to County and Federal Courthouses. Although it appears from the evidence before the Court that Plaintiff's income from his law practice did in fact decrease after he moved into his present offices, there is absolutely nothing in the record herein establishing that this decrease was caused by a substantial loss of Plaintiff's patronage existing prior to moving or by Plaintiff's relocation, save Plaintiff's assertions to this effect. Therefore, as the facts in this case support the decisions of OCURA and HUD denying relocation benefits to Plaintiff, the decision appealed from should be affirmed. Accordingly, a Judgment should be entered to this effect.