Whitmier & Ferris Co., Inc., Appellant, v City of Buffalo et al., Respondents.

Fourth Department, November 9, 1982

### APPEARANCES OF COUNSEL

*Jaeckle, Fleischmann & Mugel* (*Daniel R. McDonald* of counsel), for appellant.

*Joseph P. McNamara* (*Anthony C. Vaccaro* of counsel), for respondents.

### OPINION OF THE COURT

Denman, J.

We must determine whether Congress, in enacting the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Pub L 91-646, US Code, tit 42, § 4601 *et seq.*), intended to provide a private right of action for redress of State violations of the Federal land acquisition policies provided therein. Examination of the legislative history and applicable Federal law leads us to conclude that a limited right of action is available under section 302 of title 3 of the act (US Code, tit 42, § 4652) but that remedy is limited to actions arising under the Federal

Administrative Procedure Act (US Code, tit 5, §§ 551 *et seq.*, 701 *et seq.*) and does not afford plaintiff herein a remedy against the City of Buffalo.

Since 1937 plaintiff Whitmier & Ferris has by written agreement leased the property at 2304-2368 Niagara Street in the City of Buffalo for the purpose of affixing and maintaining certain advertising structures, i.e., billboards, on the premises. The City of Buffalo acquired title to the subject property in August, 1976 under a Federally assisted community development block grant program. Shortly after the city took title, the former owner notified Whitmier & Ferris of the sale of the property to the city in a letter dated August 31, 1976. The letter also advised Whitmier & Ferris that the city desired to have its advertising signs removed from the premises. Subsequently, on February 7, 1977, the city notified Whitmier & Ferris that it was the owner of the Niagara Street property and requested Whitmier & Ferris to remove its outdoor advertising structures at its own expense within a reasonable time. Whitmier & Ferris took no action to remove the billboards and on March 30, 1977 the city demolished the billboard structures without plaintiff's consent.

Plaintiff commenced this action seeking damages against the city for removal and destruction of its advertising signs asserting separate causes of action for trespass, forcible entry and detainer, inverse condemnation, and a Federal statutory cause of action under section 302 of title 3 of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (US Code, tit 42, § 4652). The action was commenced on November 22, 1977 and issue was joined by service of the city's answer and counterclaim for trespass on December 14, 1977. For reasons which do not appear, Whitmier & Ferris' reply was not served upon the city until August 25, 1981, over four years after the action was initially commenced. Shortly thereafter plaintiff moved for partial summary judgment on its Federal cause of action. Special Term, after reviewing applicable Federal law, held that title 3 of the act (US Code, tit 42, § 4651 *et seq.*) was not judicially enforceable, denied plaintiff's motion for summary judgment and *sua sponte* granted summary judgment in favor of the city,

thereby dismissing plaintiff's statutory cause of action under the act.

We are in agreement with the conclusion reached by Special Term that plaintiff's motion for summary judgment on its Federal cause of action should be denied but arrive at this conclusion for reasons different from those stated at Special Term. Initially, we note that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 and the numerous regulatory enactments which are its progeny, present a very complex legislative scheme to provide uniform standards for payment of acquisition costs and relocation benefits to former property owners of land taken by the States and other political subdivisions pursuant to Federally funded urban redevelopment programs. Because of the intricacies of the Federal statute and the extensive debate which preceded its enactment, we approach with caution our task of interpreting the legislative history. Thus viewed, we believe that, since the act itself and its legislative history is silent regarding whether a private right of action against a State or its political subdivisions was intended, we should not presume the existence of such a right.

This is the third occasion on which we have been asked to interpret the rights of individual property owners under that act. In *City of Buffalo v Clement Co.* (45 AD2d 620, mot to dismiss app granted 36 NY2d 713) we declined to construe section 304 of title 3 of the act (US Code, tit 42, § 4654) as authority to award attorney's fees to plaintiffs who prevailed in a condemnation action brought in State court. Although the city failed to abide by the provisions of section 304 which required reimbursement of former property owners' litigation expenses, including attorney's fees, we held that that was solely a matter between the city and the Federal Government and beyond the scope of that litigation. We noted also that section 305 of title 3 "prescribes conduct between Federal agencies and State agencies in condemnation projects involving Federal moneys. It makes no reference to actions pending in State courts" (*City of Buffalo v Clement Co., supra,* p 624).

In *Matter of O'Brien v City of Syracuse* (54 AD2d 186) we declined to afford plaintiff the status of third-party benefi-

ciary to a loan and grant between a local urban renewal agency and the Department of Housing and Urban Development so as to enable plaintiff to enforce the provisions of the act. We noted there that the weight of Federal decisional authority holds that section 301 of title 3 of the act, upon which plaintiff relied, was not judicially enforceable and that in the absence of any authority to the contrary we were persuaded "not to forge a new dimension of Federal contract law with unknown consequences upon the operation of urban renewal projects" (*Matter of O'Brien v City of Syracuse, supra,* p 191).

Since the present action arises under section 302 of title 3 of the act, our holding in *O'Brien* is not inconsistent with our conclusion here that a limited right of judicial review is afforded under section 302. Subdivision (b) of section 302 provides that any structure located on real property taken under a Federally funded project is deemed to be part of the real property acquired for the purpose of determining just compensation to be paid under the act. The gravamen of Whitmier & Ferris' claim is that the city is liable for damages for its failure to compensate for the taking of its advertising structures in light of the city's assurances under section 305 that it would abide by the land acquisition policies in section 302 as a condition precedent to receipt of Federal community development block grant funds.

The weight of Federal decisional authority recognizes the existence of a private right of action under section 302 of the act (*United States v 320.0 Acres of Land,* 605 F2d 762; *Starke v Secretary, U.S. Dept. of Housing & Urban Dev.,* 454 F Supp 477; *United States v 40.00 Acres of Land,* 427 F Supp 434; *Whitman v State Highway Comm. of Missouri,* 400 F Supp 1050; *Barnhart v Brinegar,* 362 F Supp 464). In *Barnhart* (*supra*) the court conducted an extensive review of the legislative history of the act which revealed that Congress intended to afford aggrieved property owners a much more limited right of action than Whitmier & Ferris seeks here. Apparently there was considerable controversy over the question of judicial review under the act. The Senate committee advocated review of actions of Federal administrative agencies through the

vehicle of the newly created Federal Administrative Procedure Act (*Barnhart v Brinegar, supra,* p 469, citing Senate Report No. 91-488, 91st Cong, 1st Sess 22 [1969]). The House version of the bill expressly prohibited any private right of action under the act (House Report No. 91-1656, 91st Cong, 2d Sess, [1970], 1970 US Code Cong & Admin News, vol 3, pp 5850, 5854-5855). Section 301 (US Code, tit 42, § 4651) was eventually enacted as a compromise. The effect of the compromise was explained by the court in *Barnhart* as follows:

"This compromise, as all compromises, satisfied *in part* the desires of both parties. First, the deletion of section 102(a) *effectively opened the door to judicial review of agency action under title II and sections 302-304 of title III through the Administrative Procedure Act, 5 U.S.C. § 702 (1970):*

"A person suffering legal wrong because of *agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.*

"and 5 U.S.C. § 704 (1970):

"Agency action made reviewable by statute and final agency action for which there is no other remedy in a court are subject to judicial review.

"Secondly, the retention of section 102 (b) as 102 (a) effectively closed the door to judicial review of agency action under the nine mandatory real property acquisition practices in section 301 of the bill." (*Barnhart v Brinegar, supra,* p 471; emphasis supplied.)

It thus seems clear that Congress, in enacting the compromise bill, did not contemplate the type of action brought here but rather intended to create a very limited right of judicial review of Federal agency action under the Administrative Procedure Act. Judicial review under the Administrative Procedure Act provides no direct remedy against a State or local agency based on the agency's failure to adhere to Federal statutory guidelines (*City of Rohnert Park v Harris,* 601 F2d 1040, 1048, cert den 445 US 961; *Guesnon v McHenry,* 539 F2d 1075).

Additionally, the legislative history also indicates that the House committee was opposed to providing for judicial review due to its concern for overburdening the courts by creation of new Federal rights for enforcement under the act (1970 US Code Cong & Admin News, vol 3, pp 5854-5855). In light of that concern, we cannot infer that Congress intended, without expressly so providing, the type of relief which plaintiff here seeks. Therefore we again decline to forge a new dimension of Federal law out of a carefully drafted and complex Federal statutory scheme.

DILLON, P. J., CALLAHAN, BOOMER and SCHNEPP, JJ., concur.

Order unanimously affirmed, without costs, for reasons stated in the opinion by DENMAN, J.