Lloyd Dwight DUGGER, Plaintiff,

v.

CITY OF MISSOULA, a Municipality, Defendant.

No. CV 87–63–RES.

United States District Court,
D. Montana,
Missoula Division.

Dec. 31, 1987.

Christopher Daly, Missoula, Mont., for plaintiff.

James Nugent, City Atty., Missoula, Mont., for defendant.

## ORDER

RUSSELL E. SMITH, District Judge.

In his first claim, the plaintiff, Dugger, states that this is an action to review the action of the Department of Commerce of the State of Montana, which denied plaintiff's claim for relocation assistance under 42 U.S.C. § 4601, *et seq.* The order of the Montana Department of Commerce is set out in the complaint.

The facts are that the City of Missoula received a block grant of $500,000.00 of federal funds to develop the property of Inland Investors Incorporated. It was initially intended that the City would acquire the part of the Inland Investment property which the plaintiff was renting and on which he had a hamburger stand. The city dealt with the plaintiff and indicated that he and others would receive some compensation. It was decided that the city would not acquire the property occupied by plaintiff, and in January 1985, the city notified plaintiff that it would not require Inland Investors to terminate plaintiff's tenancy and that his continued possession was a matter between him and Inland Investors. On February 28, 1985, Inland Investors served, on plaintiff, a notice to vacate, which read:

### NOTICE TO VACATE

February 28, 1985

Doug Dugger   Jumbo Burger

As you know the City of Missoula has purchased a portion of the Shady Grove Autel on February 26, 1985. You DO NOT live on the portion of the property purchased by the City of Missoula. However, it will be necessary for you to vacate the premises. Rents will continue to be paid to George Frazer until you have vacated the premises. Rents will be prorated on a daily basis with rents due only for the portion of time that you are in occupancy.

YOU ARE HEREBY NOTIFIED that it will be necessary for you to vacate the premises you occupy by no later than April 1, 1985. Your cooperation in completing your move by that date will be most appreciated.

Sincerely Yours
Inland Investors, Inc.
By  (signature)
George Frazer

Plaintiff vacated the premises on April 1, 1985, and then claimed $10,000 from the city which denied the claim. An appeal was taken by plaintiff to the Department of Commerce of the State of Montana.

The claim was denied on appeal. The order denying the claim contained this statement: "The Department's decision with respect to Mr. Dugger's appeal does not in any way preclude or limit him from seeking judicial review of the matter."

At the time the appeal was taken, February 2, 1987, the 1986 Code of Regulations was in effect. 24 C.F.R. § 42.703 (1986) provided a right to appeal orders denying eligibility to the State Agency. 24 C.F.R. §§ 42.705–42.707 (1986) provided a procedure for appeal to the State Agency and then to HUD. 24 C.F.R. § 42.711 (1986) stated that the review provided did not deprive a person from seeking judicial review after the exhaustion of administrative remedies. The 1986 regulations were revised as of April 1, 1987. All references to an appeal to HUD were omitted, but the Agency was still required to advise the person involved of the right to judicial review. Consequently, when the Montana Department of Commerce had denied relief, the administrative remedies were exhausted.[1]

The city contends that the court does not have jurisdiction to enforce the provisions of the Uniform Relocation Assistance Act and relies on such cases as *Barnhart v. Brinegar*, 362 F.Supp. 464 (W.D.Mo.1973). That case dealt with 42 U.S.C. § 4651, and it has been frequently held that the courts have no jurisdiction to enforce the provisions of that section. *See* 33 A.L.R.Fed. 9, at 88. However, 42 U.S.C. § 4622 does provide rights for persons displaced under the Act. Their rights are created by federal law and create federal questions. 28 U.S.C. § 1331. *See Young v. Harder*, 361 F.Supp. 64 (D.Kan.1973). (Note that this case was decided prior to the amendment of § 1331 in 1976.)

The review standard is:

The review standard that the Court must follow in this case is that the HUD decision appealed from must be affirmed unless found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.[2] Review under 5 U.S.C. § 706(2)(A) involves inquiry as to whether the administrative decision appealed from was based on a consideration of all the relevant factors and whether there was a clear error of judgment. Although this inquiry into the facts is to be reaching and careful, the ultimate standard of review is a narrow one. The Court's review function is exhausted where a rational basis for the agency action taken is found. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Sabin v. Butz*, 515 F.2d 1061 (Tenth Cir.1975).

*Starke v. Secretary, U.S. Dept. of Housing*, 454 F.Supp. 477, 483 (W.D.Okla.1977). While this is not a review under the Administrative Procedure Act, I see no reason why the standard of review should be different.

■ In this case, the Montana Department of Commerce found:

The Department finds that the City did not "acquire" the portion of the Shady Grove site on which the Jumbo Burger was located. Consequently, Mr. Dugger's business was not "displaced" for purposes of the Act and is entitled to no relief thereunder. Under the Act a business is "displaced" only if it moves from real property as the result of the *acquisition* of the real property, in whole or in part, or as the result of the written order of the acquiring agency to vacate the property [42 USCS § 4601(6)]. The City neither ordered Mr. Dugger to vacate his business location nor "acquired" the property within the commonly understood meaning of that term. If Mr. Dugger was required to close or move his business, it was the result of the independent decision of Inland to terminate his tenancy.

Findings and Conclusions, Page 4. The record shows these facts to be true and the

---

1. The city has argued that the Montana Department of Commerce is a necessary party and the case should be dismissed for that reason. Since in the view I take of the case, it must be dismissed, the joinder of the Montana Department of Commerce would do nothing but delay the entry of judgment.

action of the Department of Commerce was not arbitrary or capricious or contrary to law. Other reasons were advanced in support of the order, but since it was justified by the quoted language, it is unnecessary to consider those other reasons.

Plaintiff's second claim seems to embrace two theories. First, that because some people who were situated as he was were compensated for removal expense while he was not, that he was deprived of the equal protection of the laws. Second, that the defendant took his business without compensation. On the second claim, he seeks $35,000.00, the full value of his business plus punitive damages.

■ There was no taking without due process, because there was no taking. The city did not acquire the land involved. The plaintiff moved pursuant to a notice given by the landlord, who at the time of the notice, knew that the city would not acquire the land.

■ The equal protection claim is likewise without merit. The record shows that the plaintiff was offered $100.00 by the city and refused it. The fact, if it is a fact, that the other similarly situated received more, is no indication that plaintiff was denied equal protection. The city, in its efforts to compensate the displaced persons, of necessity, made offers to many of the former tenants. The amounts of those offers would be related to the damages suffered by those tenants in the move. That some citizens were offered more than others may be related to the damages or it may be related to the bargaining ability of the individuals involved, but in any event, it is not a denial of equal protection.

As to plaintiff's first claim, the action of the Montana Department of Commerce is affirmed.

As to the plaintiff's second claim, the case is dismissed with prejudice. IT IS HEREBY ORDERED that the clerk of court enter judgment.